# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re:  
                                                                                                                                  Case No. 13-30383  
                                                                                                                                  Chapter 13

MONROE IRBY, III,

       Debtor.

_____

MONROE IRBY, III,

       Plaintiff,

v.                                                                                                                                   Adv. Proc. 14-03025

F & S AUTO SALES, L.L.C. and  
MICHAEL JONES,

       Defendants.

### ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

       This adversary proceeding has a procedurally checkered past. The plaintiff filed the complaint on February 17, 2014, and therein, contended that the defendants had willfully violated the automatic stay by repossessing the plaintiff's vehicle post petition. When no answer or other defense to the complaint was timely filed, on April 1, 2014, the plaintiff requested entry of default. That same day and before default had entered, the defendants filed 1) a motion to set aside the request for entry of default and to allow a late filed answer and 2) a motion to dismiss the adversary proceeding under what would appear to be F.R.C.P. 12(b)(6) made applicable to bankruptcy adversary proceedings by F.R.B.P. 7012(b). The defendants' motions were set for hearing on April 28, 2014. Following that hearing, this court denied the plaintiff's motion for entry of default, denied the defendants' motion to dismiss, and set trial of the adversary proceeding for June 9, 2014. The trial was later continued to June 17, 2014.

       The defendants, again, did not file an answer to the complaint, and on May 16, 2014, the plaintiff filed a renewed request for entry of default. On May 19, 2014, at 7:07 a.m., the defendants filed an answer to the complaint. Later that same day, at 11:12 a.m., the clerk entered default.

       Following the trial on June 17, 2014, this court entered judgment for the defendants and set aside the May 19, 2014 entry of default. The plaintiff now seeks reconsideration of that order.

       Plaintiff contends that at the June 17, 2014, trial he was unprepared to try the issue of liability

Case 14-03025   Doc 33   Filed 07/29/14   Entered 07/29/14 12:50:42   Desc Main
Document     Page 1 of 2

feeling that the issue was determined by the clerk's entry of default. Instead, plaintiff maintains that he came to trial prepared only to litigate the issue of damages. Further, plaintiff alleges that he would have called additional witnesses and offered additional evidence had he known that liability was still at issue. For a number of reasons the court is not persuaded.

First, the defendants' April 1, 2014 motion to dismiss was without merit because it simply offered a different version of the facts than was set out in the complaint.[1] Nonetheless, the motion served to put the plaintiff and this court on notice that the defendants disputed liability for violating the stay maintaining that the plaintiff had voluntarily surrendered the vehicle. Indeed, the motion to dismiss was more in keeping with an answer than is was a motion under F.R.C.P. 12(b). It was with this in mind that this court denied the plaintiff's first motion for entry of default and set the matter for trial. In the court's view, all parties left that hearing with the clear understanding that both liability and damages were at issue.

Further, plaintiff filed its renewed request for entry of default on May 16, 2014. Three days later, on May 19, 2014, the defendants filed an answer to the complaint. That answer actually preceded the clerk's entry of default by a few hours. In the answer, the defendants clearly deny that they are liable for violation of the automatic stay. It was unreasonable for the plaintiff to assume that, under these circumstances, the issue of liability was taken off the table by the clerk's entry of default.

Finally, the plaintiff did not raise this issue at trial. Had he been unprepared to try the issue of liability, Irby should have moved for a continuance of the trial. Instead, the matter was tried to the merits, and it is now too late to raise the issue. For these reasons, it is

ORDERED that the plaintiff's motion for reconsideration is DENIED.

Done this the 29th day of July, 2014.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Anthony B. Bush, Plaintiff's Attorney
   Paul D. Esco, Debtor's Attorney
   Richard C. Dean, Jr., Defendants' Attorney
   Trustee

---

[1] The defendants did not seem to realize that in considering a motion to dismiss under F.R.C.P. 12(b)(6) a court must view the facts in a light most favorable to the plaintiff and grant the motion to dismiss only if the plaintiff's contentions of fact do not amount to an actionable cause.